## HURST & CO. v. LARPIN.

1. Evidence: DEPOSITION: BY WHOM TAKEN. That a deposition was written by the attorney of the party by whom it was taken instead of the commissioner designated in the notice, the adverse party not being present, was sufficient ground for suppressing the same.

*Appeal from Wapello District Court.*

MONDAY, DECEMBER 17.

*Hendershott & Burton* for the appellant.

*Perry & Townsend* for the appellee.

Lowe, Ch. J.—Appeal from the order of the court suppressing certain depositions, for the reason that they had been written by the counsel for the party in whose favor they were to be read as testimony, instead of its being done by the commissioner designated in the notice. The objection was well made and properly

Hurst & Co. v. Larpin.

sustained, and that, too, without the slightest imputation on the counsel who officiated as scribe. It was simply a legal impropriety which it was competent for the court to correct and enforce by rule if need be. The law appoints by name the persons and officers who are to perform the duties of writing down and certifying to depositions taken. With them the task and responsibility of doing so had better be left. They are supposed to stand at all times indifferent to the parties, whilst the lawyer having made himself a partisan in the controversy is supposed to feel a bias in favor of his client, which is right in itself and necessary perhaps to his efficiency as an advocate. Should he act as the scrivener in taking the deposition of his client, and in afterward reading it over himself to the witness for correction or approval, contrary as we think to the spirit of the statute, however honestly done, it would nevertheless subject him to constant criticisms and suspicions while it might prejudice the cause of his client. To relieve him, therefore, of this unnecessary burden and the left-handed compliment which it will elicit, we hold that the court did not err in suppressing the deposition for that cause, and the same is approved by us.

We should have said in this case that the opposite party was not present. Where, however, this is the case, and he consents or agrees that the attorney shall take down the testimony of his witnesses, the objection ought not to obtain.

Affirmed.